**SULAIMAN LAW GROUP, LTD.**
Alexander J. Taylor, Esq. (State Bar No. 332334)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SAMANTHA L. BANDA,<br>Plaintiff,<br><br>v.<br><br>SENTRY CREDIT, INC.,<br>Defendant. | Case No. 8:26-cv-03355<br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br>**DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT</u>

NOW comes SAMANTHA L. BANDA ("Plaintiff"), by and through the undersigned, complaining as to the conduct of SENTRY CREDIT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code § 1788 *et seq*., stemming from Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Central District of California.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age and, at all times relevant, resided in Huntington Beach, California, within the Central District of California.

5. Defendant is a third-party "debt collector"[1] engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another, using the mail and telephone, from consumers across the country, including from those in the state of California. Defendant is a

[1] https://sentrycredit.com/

corporation organized and existing under the laws of the state of Washington with its principal place of business located at 2809 Grand Avenue, Everett, Washington, 98201.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a consumer apartment debt ("subject consumer debt") purported to be owed by Plaintiff.

8. Upon further information and belief, after the subject consumer debt was placed default, it was placed with Defendant for collection purposes.

9. In approximately August of 2026, Plaintiff began receiving calls to her cellular phone number (562) XXX-2161 from Defendant, seeking collection of the subject consumer debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the number ending in -2161. Plaintiff is, and always has been, financially responsible for the phone and its services.

11. Defendant has primarily used the phone number (800) 608-2581 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

12. Upon information and belief, Defendant regularly utilizes the above-referenced phone number during its debt collection activity.

13. Upon speaking with one of Defendant's representatives in September 2026, Plaintiff learned that Defendant was attempting to collect upon the subject consumer debt.

14. Plaintiff demanded that Defendant cease calling her.

15. Despite such, Defendant continued to call Plaintiff with harassing and repeated phone calls.

16. Specifically, Defendant called back again numerous times throughout September and October 2026.

17. Answering Defendant's repeated calls several times, Plaintiff again repeated her demand that the calls stop.

18. Defendant has ignored these directives and continued calling Plaintiff up through the filing of the instant matter, and Plaintiff has had to repeat her demands that the calls stop as recently as November 5, 2026.

19. Defendant's collection efforts were designed to harass Plaintiff and squeeze sums of money from a consumer who had otherwise made clear that she did not want Defendant calling her again.

20. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, resources, and expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant’s actions including, but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, and numerous violations of her state and federally-protected interests to be free from harassing and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a “consumer” as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

25. Defendant is a “debt collector” as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempting to collect, delinquent consumer accounts, and is similarly a business whose principal purpose is the collection of debts.

26. Defendant identifies itself as debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

27. The subject consumer debt is a “debt,” as defined by FDCPA § 1692a(5), as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

**a. Violations of FDCPA § 1692d and 12 C.F.R. § 1006.14.**

28. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease.

30. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

31. Defendant violated §§ 1692d, 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h), through the harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant orally that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt from Plaintiff – however, such calls persisted notwithstanding Defendant's obligation to cease. Even after Plaintiff repeated these demands, Defendant ignored Plaintiff and continued calling, notwithstanding her repeated demands that Defendant cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

**b. Violations of FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

34. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) when it used deceptive means to attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting her, Defendant continued to call Plaintiff, numerous times, seeking payment. Instead of putting an end to this harassing behavior, Defendant placed multiple calls to Plaintiff's phone in a deceptive attempt to force her to answer its calls. Through its conduct, Defendant misleadingly represented to Plaintiff that it had a legal ability to contact her despite the regulations governing collection calls clearly prohibiting such.

**c. Violations of FDCPA § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on the subject consumer debt by continuously calling Plaintiff after being notified to stop on numerous occasions. Exerting undue pressure on Plaintiff for payment by placing numerous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, SAMANTHA L. BANDA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff and seeking payment of the subject consumer debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

39. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code §§ 1788.2(d) and 1788.2(f).

40. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.11**

41. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(d), prohibits a debt collector from "[c]ausing a telephone to ring repeatedly or continuously to annoy the person called." Furthermore, pursuant to Cal. Civ. Code § 1788.11(e), a debt collector is further prohibited from "[c]ommunicating, by telephone or in person, with the debtor with such frequency as to be unreasonable, and to constitute harassment of the debtor under the circumstances."

42. Defendant violated Cal. Civ. Code § 1788.11(d) & (e) through its persistent and unreasonable harassment of Plaintiff. Plaintiff repeatedly demanded Defendant refrain from contacting her, yet Defendant consciously disregarded this information and continued to repeatedly call Plaintiff under unreasonable circumstances, given that she had made her demands clear.

**b. Violations of RFDCPA § 1788.17**

43. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17, states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

44. As outlined above, through its unlawful conduct in attempting to collect upon the subject consumer debt, Defendant violated § 1788.17; and §§ 1692d, 1692e, and 1692f of the FDCPA. Defendant employed a series of harassing, deceptive, and

unconscionable means while attempting to collect the subject consumer debt, as outlined above.

45. Defendant willfully and knowingly violated the RFDCPA. Defendant was aware that Plaintiff did not wish to receive any more collection calls to her cellular phone, but yet Defendant continued to bombard Plaintiff with such calls, demanding payment for the subject consumer debt. Defendant was repeatedly advised to cease contacting Plaintiff, and knowingly and willfully continued to harass Plaintiff regardless. Defendant's willful and knowing violations of the RFDCPA should trigger this Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, SAMANTHA L. BANDA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Awarding Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Awarding Plaintiff costs and reasonable attorney fees as provided, pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: November 13, 2026

Respectfully submitted,

/s/Alexander J. Taylor
Alexander J. Taylor, Esq.
California Bar No. 332334
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com